UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMARI NICHOLAS HAIR,**

> **Plaintiff,**

> **-vs-**                                  **CASE NO:**

**THE CITY OF TITUSVILLE;**
**JOHN LAU, individually;**
**JOSHUA BERND, individually;**
**and**
**JAMES BURKET, individually,**

> **Defendants.**

_____/

### COMPLAINT

The Plaintiff, Amari Nicholas Hair, by and through his undersigned

attorney, sues the Defendants and in support thereof states as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1.    This is an action for damages in excess of Fifteen Thousand and

no/100ths Dollars ($15,000.00).

2.    At all times material hereto Defendant, The City of Titusville, was a

municipality of the State of Florida.

3.    At all times material hereto Defendant, John Lau, was Chief of Police for the Titusville Police Department, employed by Defendant, The City of Titusville, and a resident of Brevard County, Florida.

4.    At all times material hereto Defendant, Joshua Bernd, was an officer employed by Defendant, The City of Titusville, acting within the course and scope of his employment.

5.    At all times material hereto Defendant, James Burket, was an officer employed by Defendant, The City of Titusville, and was acting within the course and scope of his employment.

6.    The acts or omissions which give rise to this cause of action all occurred in Brevard County, Florida.

7.    Defendant, The City of Titusville, was the employer of Defendants, John Lau, Joshua Bernd and James Burket, and who at all times material hereto were acting within the course and scope of their employment with the Titusville Police Department. As such the Defendant, The City of Titusville, is responsible for the acts and omissions of said officers.

8.    At all times material hereto Defendants, John Lau, Joshua Bernd and James Burket, were sworn law enforcement officers employed, hired, trained and supervised by Defendant, The City of Titusville.

2

9.     At all times material hereto Defendants, The City of Titusville, John Lau, Joshua Bernd and James Burket, were acting under color of state law, regulation, custom, or usage of the State of Florida.

10.    At all times material hereto, all Defendants owed Plaintiff, Amari Nicholas Hair, a duty to act within the confines, bounds, limitations and restrictions of the Constitution of the United States of America and its Amendments, and to refrain from violating the Constitutional rights of Plaintiff, Amari Nicholas Hair.

11.    A Notice of Intent was served in compliance with Section 768.28, Florida Statutes, and all of the notices and conditions precedent to the filing of this action have taken place or have been waived. A copy of the Notice of Intent pursuant to Section 768.28, Florida Statutes, and the certified return receipt is attached hereto as Exhibit "A".

12.    On or about December 27, 2017 Defendants, The City of Titusville and John Lau, acting through their officers and employees initiated an arrest of the Plaintiff for allegedly Driving While License was Suspended.

13.    At the time of the arrest, the parties were located in the south parking lot of the Cumberland Farms located at 3505 South Hopkins Avenue, Titusville, Florida.

14.    Defendants, The City of Titusville and John Lau, acting through their officers, never witnessed Plaintiff actually driving a vehicle and were informed by

3

the other vehicle's occupant, Asiameik Mayo, that she was the one driving the vehicle, however, they placed the Plaintiff under arrested, handcuffed him behind his back and began attempting to search his person.

15.    During the search of the Plaintiff, Defendants, The City of Titusville and John Lau,acting through their officers, Joshua Bernd and/or James Burkett, searched the Plaintiff's front waistline at least twice, took the Plaintiff to the ground and forcefully struck him in the head and face area twice.

16.    The action of taking a person to the ground and striking them constitutes the use of forceand/or force that involves risk of injury, disfigurement, loss or impairment of bodily function or organ.

17.    During the search of Plaintiff, Officer Bernd allowed himself to become distracted by Asiameik Mayo.

18.    At the time he was forcefully taken to the ground, the Plaintiff was handcuffed behind his back and not a threat to the officers.

19.    At the time he was forcefully stricken, the Plaintiff was handcuffed behind his back, face down on the ground, with Officer Burkett on top of him, and not a threat to the officers.

20.    Prior to Plaintiff being forcefully struck in the head by Officer Bernd, Officer Burkett claimed the Plaintiff was reaching into his waistband, despite being handcuffed behind his back.

21.    Plaintiff was face down on the ground with Officer Burkett kneeling on his back with his knee at the time Officer Bernd struck him in the face.

22.    Plaintiff stated to Officer Bernd "you punched me in my face," to which Officer Bernd responded "yes I did."

23.    Plaintiff yelled out "Oh my God...my fucking face is bleeding...do not touch me!"

24.    The officers continued to hold him face down on the ground with Officer Burkett on top him, despite the Plaintiff bleeding from his face.

25.    The Plaintiff continually yelled for Officer Bernd to not touch him, and despite other officers arriving on the scene at this time, Officer Bernd continued to attempt to search the Plaintiff, rather than seeking medical attention for the Plaintiff, or asking for assistance from other officers.

26.    At no time did Plaintiff, Amari Nicholas Hair, constitute a danger or threat to the officers involved.

27.    Officers' Bernd and Burkett admitted later during an internal investigation that they did not have all of their required gear with them, including their chemical agent spray, despite being on duty.

28.    Defendants, The City of Titusville and John Lau, acting through their officers, Joshua Bernd and/or James Burkett, unjustifiably used excessive force against Plaintiff, Amari Nicholas Hair, during his arrest.

29.    The officers allowed themselves to become distracted by bystanders.

30.    The officers failed to have their appropriate gear with them while on duty, which would have allowed for alternative methods of "maintaining control".

31.    The officers pinned the Plaintiff to the ground after placing him in handcuffs and then struck him forcefully in the face multiple times.

32.    The officers failed to give immediate aid to the Plaintiff despite him bleeding from his face.

## COUNT I
### 42 U.S.C. § 1983 - Deprivation of Plaintiffs
### Civil Rights Against Joshua Bernd and James Burkett

33.    Plaintiff, Amari Nicholas Hair, re-alleges and adopts each and every allegation contained in Paragraphs 1 through 32 as if fully stated herein.

34.    The actions of Defendants, Joshua Bernd and/or James Burkett, including the excessive use of force and battery of Plaintiff, Amari Nicholas Hair, violated clearly established law and violated the Constitutional rights of Plaintiff, including Plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, through the wrongful acts of using deadly force against Plaintiff by forcefully striking him in the head multiple times while he was handcuffed and pinned to the ground.

6

35.     The forceful striking of Plaintiff, Amari Nicholas Hair, by Defendants, Joshua Bernd and/or James Burkett, was entirely unjustified by any actions of Plaintiff and constituted an unreasonable and excessive use of deadly force.

36.     The actions alleged above deprived Plaintiff, Amari Nicholas Hair, of clearly defined, established and well settled Constitutional rights of Plaintiff, specifically: (a) the freedom from the use of excessive and unreasonable force; (b) the freedom from the deprivation of liberty without due process of law; and (c) the freedom from summary punishment.

37.     Defendants, Joshua Bernd and/or James Burkett, acted recklessly and maliciously, or were deliberately indifferent toward Plaintiff, Amari Nicholas Hair, in the deprivation of his Constitutional rights.

38.     As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendants, Joshua Bernd and/or James Burkett, Plaintiff, Amari Nicholas Hair, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, or alternatively suffered an aggravation of a previously existent condition, and he has lost earnings and his ability to earn money has been impaired. His losses are either permanent or continuing in nature and Plaintiff, Amari Nicholas Hair, will suffer these losses in the future.

**WHEREFORE,** the Plaintiff, Amari Nicholas Hair, demands judgment for damages against Defendants, Joshua Bernd and/or James Burkett, including costs, interests and attorney fees and trial by jury on all issues so triable.

## COUNT II

### 42 U.S.C. § 1983-Deprivation of Plaintiffs Civil Rights Against The City of Titusville

39.     Plaintiff, Amari Nicholas Hair, re-alleges and adopts each and every allegation contained in Paragraphs 1 through 32 as if fully stated herein.

40.     Defendant, The City of Titusville is liable because of its policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of improper conduct by their officers and employees of which they knew or should have known.

41.     Defendant, The City of Titusville, permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force by its officers and employees. The Defendant further failed to discipline or prosecute known instances of wrongful and excessive use of force by its officers and employees. The Defendant also refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by its officers and employees and instead caused its officers and employees to believe such conduct was permissible.

42.     The Defendant, The City of Titusville, maintained a system of review of complaints of excessive use of force by its officers and employees which has failed to identify the use of excessive force by those officers and employees and subject those officers and employees, who use excessive force, to discipline, close supervision or retraining to the extent that it has become the de facto policy and custom by the Defendant to tolerate the use of excessive force by the officers and employees.

43.     The foregoing acts, omissions and systematic deficiencies are policies and customs of the Defendant, The City of Titusville, and such caused officers and employees of the Defendant to be unaware or alternately unconcerned with the rules and laws governing permissible use of force and to believe that such use of force is entirely within the discretion of the deputies and employees and that such use of force would not be honestly or properly investigated, all with the foreseeable result that officers and employees are more likely to use excessive force in situations where such force is neither necessary nor reasonable nor legal.

44.     As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant, The City of Titusville, Plaintiff, Amari Nicholas Hair, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, or

alternatively suffered an aggravation of a previously existing condition and he has lost earnings and his ability to earn money has been impaired. These losses are either permanent or continuing in nature and Plaintiff, Amari Nicholas Hair will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, Amari Nicholas Hair, demands judgment for damages against the Defendant, The City of Titusville, including costs, interests and attorney fees and trial by jury on all issues so triable.

**COUNT III**

**42 U.S.C. § 1983-Deprivation of Plaintiff's Civil Rights Against John Lau**

45.    Plaintiff, Amari Nicholas Hair, re-alleges and adopts each and every allegation contained in Paragraphs 1 through 32 as if fully stated herein.

46.    Defendant, John Lau is liable because of his policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of improper conduct by the officers he supervised of which they knew or should have known.

47.    Defendant, John Lau, permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force by the officers he supervised. The Defendant further failed to discipline or prosecute known instances of wrongful and excessive use of force by the officers he supervised. The Defendant also refused to adequately investigate complaints of previous incidents of wrongful and excessive use of force by the officers he

supervised and instead caused the officers he supervised to believe such conduct was permissible.

48.     The Defendant, John Lau, maintained a system of review of complaints of excessive use of force by the officers he supervised which has failed to identify the use of excessive force by those officers and subject those officers, who use excessive force, to discipline, close supervision or retraining to the extent that it has become the de facto policy and custom by the Defendant to tolerate the use of excessive force by the officers.

49.     The foregoing acts, omissions and systematic deficiencies are policies and customs of the Defendant, John Lau, and such caused officers supervised by the Defendant to be unaware or alternately unconcerned with the rules and laws governing permissible use of force and to believe that such use of force is entirely within the discretion of the officers and that such use of force would not be honestly or properly investigated, all with the foreseeable result that officers are more likely to use excessive force in situations where such force is neither necessary nor reasonable nor legal.

50.     As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendant, John Lau, Plaintiff, Amari Nicholas Hair, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses

11

in the treatment of his injuries, suffered physical handicap, or alternatively suffered an aggravation of a previously existing condition and he has lost earnings and his ability to earn money has been impaired. These losses are either permanent or continuing in nature and Plaintiff, Amari Nicholas Hair will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, Amari Nicholas Hair, demands judgment for damages against the Defendant, John Lau, including costs, interests and attorney fees and trial by jury on all issues so triable.

## COUNT IV
## Negligence Against Defendant, The City of Titusville

51.     Plaintiff, Amari Nicholas Hair, re-alleges and adopts each and every allegationcontained in Paragraphs 1 through 32 as if fully stated herein.

52.     The Defendant, The City of Titusville, acting through its officers and/or employees were negligent in the training, supervision and/or retention of Defendants, Joshua Bernd, James Burkett and John Lau by failing to properly supervise or train them and/or by failing to properly test and evaluate them and/or by failing to properly evaluate them psychologically and/or by failing to properly investigate complaints filed against prior excessive use of force by Joshua Bernd, James Burkett and John Lau and/or properly instruct or discipline Joshua Bernd, James Burkett and John Lau.

53.     In the alternative, Defendant, The City of Titusville, acting through its officers and/or employees, was negligent in the forceful striking of Plaintiff, Amari Nicholas Hair's head multiple times.

54.     As a direct and proximate result of the aforementioned acts and/or omissions on the part of the Defendant, The City of Titusville, Plaintiff, Amari Nicholas Hair, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, or alternatively suffered an aggravation of a previously existing condition, and he has lost earnings and his ability to earn money has been impaired. These losses are either permanent or continuing in nature and Plaintiff, Amari Nicholas Hair will suffer these losses in the future.

**WHEREFORE,** the Plaintiff, Amari Nicholas Hair, demands judgment for damages against the Defendant, The City of Titusville, including costs, interests and trial by jury on all issues so triable.

## COUNT V
### Assault and Battery Against Defendants, The City of Titusville, Joshua Bernd, and James Burkett

55.     Plaintiff, Amari Nicholas Hair, re-alleges and adopts each and every allegation contained in Paragraphs 1 through 32 as if fully stated herein.

56. Defendants, Joshua Bernd and/or James Burkett, unjustifiably used deadly force against Plaintiff, Amari Nicholas Hair, without Plaintiff's consent when they pinned Plaintiff face down to the ground while handcuffed, causing him to be in imminent fear of his safety and forcefully striking the Plaintiff in the head.

57. Plaintiff, Amari Nicholas Hair, is entitled to relief against Defendant, The City of Titusville, in that Defendants, Joshua Bernd and/or James Burkett, were acting within the course and scope of their employment with Defendant, The City of Titusville, when they used unjustifiable deadly force on Plaintiff. Defendant, The City of Titusville, is vicariously liable for said acts of its officers and employees. In the alternative, Defendants, Joshua Bernd and/or James Burkett, acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for the rights and/or safety of Plaintiff.

58. As a direct and proximate result of the aforementioned acts and/or omissions on the part of Defendants, The City of Titusville, Joshua Bernd and/or James Burkett, Plaintiff, Amari Nicholas Hair, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expenses in the treatment of his injuries, suffered physical handicap, oralternatively suffered an aggravation of a previously existing condition, and he has lost earnings and his ability to earn money has been impaired.

These losses are either permanent or continuing in nature and Plaintiff, Amari Nicholas Hair will suffer these losses in the future.

**WHEREFORE,** the Plaintiff, Amari Nicholas Hair, demands judgment for damages against the Defendants, The City of Titusville, Joshua Bernd and James Burkett, including costs, interests and trial by jury on all issues so triable.

Respectfully submitted this 20th day of September, 2021.

CHRISTINA FARLEY LONG, ESQUIRE
Attorney for the Plaintiff
MARIO, GUNDE, PETERS,
RHODEN & KELLEY, LLC
319 Riveredge Boulevard, Suite 107
Cocoa, Florida  32922
(321) 631-0506 - Office
(321) 690-0119 - Fax
Florida Bar Number: 0091056

# EXHIBIT

# "A"



# MARIO, GUNDE, PETERS, RHODEN & KELLEY, LLC

———— Attorneys and Counselors at Law ————

*legal-eagles.com   law@legal-eagles.com*

October 12, 2020

** THIS CORRESPONDENCE IS SENT PURSUANT TO FLA. STAT. 768.28(6)(a)**

Barbara Helm Peters
Kenneth E. Rhoden
Michael J. Kelley
Bonnie Klein Rhoden
David Anton Gunde
Christina Farley Long
*Anthony Paul Mario

*Of Counsel
(Retired)

Family Law
Criminal Law
DUI & Traffic
Wills & Trusts
Probate
Elder Law
Foreclosure Defense
Personal Injury
Bankruptcy
Criminal Appeals
Civil Appeals
Civil Litigation
Adoptions

*Please Reply to:*
319 Riveredge
Boulevard, Suite 107
Cocoa, FL 32922
(321) 631-0506
FAX (321) 690-0119

*Melbourne Office:*
1735 W. Hibiscus
Boulevard, Suite 300
Melbourne, FL 32901
(321) 676-2150

CERTIFIED RETURN/RECEIPT REQUESTED

Richard Broome, City Attorney
City of Titusville
Office of City Attorney
555 S. Washington Avenue
P.O. Box 2806
Titusville, FL 32796

Chief John Lau
Titusville Police Department
1100 John Glenn Boulevard
Titusville, FL 32780

Hon. Walt Johnson, Mayor
Office of the Mayor of Titusville
555 S. Washington Avenue
P.O. Box 2806
Titusville, FL 32796

Florida Department of Financial Services
Division of Risk Management
200 East Gaines Street
Tallahassee, FL 32399

RE:

Our Client/Claimant: Amari Hair
Address : 1543 W. Powder Horn Road, Titusville, Florida 32796
Date of Birth: 12/10/1997
Soc. Sec. Number : 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
Place of Birth: Titusville, Florida
Date of Incident : 12/27/2017

Type of Claim : Deprivation of Civil Rights, Claim Under 42 U.S.C. 1983, Assault, Battery, Intentional & Negligent Infliction of Emotional Distress, Negligent Hiring, Negligence, Abuse of Process, Punitive Damages, Attorney's Fees, and all other claims allowable arising out of the incident.

Incident Location : 3505 S. Hopkins Avenue, Titusville, FL 32780

Adjudicated Penalties : $5,866.55 (Fines, Fees, Victim Restitution Fund and other judgments in excess of $200.00 owed by the claimant to the State, its agency, officers or sub-divisions)

To whom it may concern:

Please be advised that the undersigned represents the above claimant for injuries sustained by him on the above date and at the above listed location.

This letter is dispatched as notice pursuant to the requirements of Florida Statute 768.28(6)(a). We feel the City of Titusville, the Titusville Police Department, Detective James Burkett, and Detective Joshua Bernd have tort responsibility in the above-captioned incident.

The undisputed facts are that on December 27, 2017, Detectives James Burkett and Joshua Bernd pulled into the parking lot of a Cumberland Farms behind a silver four door Toyota Camry. The claimant was in said vehicle and Detective Burkett removed the claimant from the vehicle and handcuffed him with the intention to place him under arrest for driving on a suspended license. The claimant was accompanied in the vehicle by his cousin, Asiameik Mayo. Ms. Mayo stated to the Detectives as they were apprehending the claimant that she was the one driving the vehicle, not the claimant.

While Detective Burkett had the claimant apprehended at the front of his patrol car he began to conduct a search of the claimant during which he moved his hand over the front of claimant's waistline at least twice. At one point the two Detectives took the claimant to the ground in an effort to complete the search. After being taken to the ground, while handcuffed behind his back, Detective Burkett yelled out that the claimant was reaching into his waistband, at which time Officer Bernd told the claimant to stop resisting and stop reaching or he was going to get punched. Detective Bernd then proceeded to punch the claimant in the head and face area twice. As a result, the claimant received injuries to his face which required medical attention. During an Administrative Investigation completed by the Titusville Police Department, both Detectives admitted they did not have all of their required gear with them, including their chemical agent spray, which would have allowed another option to the Detectives that did not require physical violence. Further, the two Detectives did not act together in conducting the search of the claimant and Officer Bernd admitted to allowing himself to become distracted by Ms. Mayo while Detective Burkett was conducting a search of the claimant.

After the incident claimant was treated at Parrish Medical Center for a contusion to his face and fracture of his wrist. He was further treated while in the Brevard County Jail for continued headaches, back pain and PTSD symptoms.

As a result of the foregoing, we are hereby making a claim against the Titusville Police Department and the City of Titusville for payment of all damages sustained by our client, including punitive damages and attorney's fees. If the Titusville Police Department and/or the City of Titusville do not have tort responsibility in the above-captioned incident, please advise the undersigned immediately in the form of a written denial. Otherwise, we shall expect the Titusville Police Department and the City of Titusville to promptly begin good faith negotiations for the fair settlement of this claim. The claimant through the undersigned attorney maintains a copy of Claimant's medical records and a video of the incident, which support Claimant's allegations. Further, such materials can be made available upon request to assist you in evaluating this claim.

If we have failed to comply with Florida Statute 768.28(6)(a) in any manner whatsoever, please advise accordingly by return mail specifying how we have failed. Also, if you feel that the Titusville Police Department or City of Titusville does not have tort responsibility, please identify by name and correct mailing address of the State agency or subdivision, which does have tort responsibility for this claim.

Thank you for your cooperation.

Very truly yours,

Christina Farley Long, Esquire







**CERTIFIED MAIL**

NDE, PETERS, RHODEN & KE
Attorneys and Counselors at Law —

19 Riveredge Boulevard, Suite 107
Cocoa, FL 32922

$6.90⁰
US POSTAGE
FIRST-CLASS
32922 OCT 13 2020
stamps
endicia

7019 1120 0001 3836 9410
7019 1120 0001 3836 9410



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

Chief John Lau
Titusville Police Department
1100 John Glen Blvd
Titusville, FL 32780







GUNDE, PETERS, RHODEN & I
— Attorneys and Counselors at Law

319 Riveredge Boulevard, Suite 107
Cocoa, FL 32922

$6.90⁰
US POSTAGE
FIRST-CLASS
32922 OCT 13 2020
stamps
endicia

7019 1120 0001 3837 0744
7019 1120 0001 3837 0744

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

Richard Broome, City Attor
City of Titusville
Office of City Attorney
555 S. Washington Avenue
P.O. Box 2806
Titusville, FL 32796

**CERTIFIED MAIL**







$6.90⁰
US POSTAGE
FIRST-CLASS
32922 OCT 13 2020

stamps
endicia

7019 1120 0001 3836 9403

7019 1120 0001 3836 9403

GUNDE, PETERS, RHODEN & KE
— Attorneys and Counselors at Law —

319 Riveredge Boulevard, Suite 107
Cocoa, FL 32922



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To
Hon. Walt Johnson, Mayor
Office of the Mayor of Titusville
555 S. Washington Avenue
P.O. Box 2806
Titusville, FL 32796

---

**CERTIFIED MAIL**







$6.90⁰
US POSTAGE
FIRST-CLASS
32922 OCT 13 2020

stamps
endicia

7019 1120 0001 3837 0751

7019 1120 0001 3837 0751

GUNDE, PETERS, RHODEN & KE
— Attorneys and Counselors at Law —

319 Riveredge Boulevard, Suite 107
Cocoa, FL 32922

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To
Florida Dept of Financial Services
Division of Risk Management
200 East Gaines Street
Tallahassee, FL 32399



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard Broome, City Attorney
City of Titusville
Office of City Attorney
555 S. Washington Avenue
P.O. Box 2806
Titusville, FL 32796

9590 9402 5171 9122 8612 78

2. Article Number (Transfer from service label)

7019 1120 0001 3837 0744

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hon. Walt Johnson, Mayor
Office of the Mayor of Titusville
555 S. Washington Avenue
P.O. Box 2806
Titusville, FL 32796

9590 9402 5171 9122 8612 47

2. Article Number (Transfer from service label)

7019 1120 0001 3836 9403

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Florida Dept of Financial Services
Division of Risk Management
200 East Gaines Street
Tallahassee, FL 32399

9590 9402 5171 9122 8612 85

2. Article Number (Transfer from service label)
7019 1120 0001 3837 0751

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Received by: Sarah Blocker

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chief John Lau
Titusville Police Department
1100 John Glen Blvd
Titusville, FL 32780

9590 9402 5171 9122 8612 54

2. Article Number (Transfer from service label)
7019 1120 0001 3836 9410

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
10.5.20

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt